IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICOLE MOUNT,**

      **Plaintiff,**

      v.                                           **CASE NO. 17-3223-SAC**

**UNITED STATES OF AMERICA, et al.,**

      **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is a federal prisoner housed at CCA–Leavenworth in Leavenworth, Kansas. On February 9, 2018, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 3) giving Plaintiff until March 9, 2018, in which to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the MOSC. The Court mailed the MOSC to Plaintiff on February 9, 2018, at her current address of record with the Court. The mail was returned undeliverable, indicating Plaintiff was no longer at that facility. (Doc. 4.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the MOSC within the allowed time.

The MOSC also gave Plaintiff an opportunity to file an Amended Complaint and provided that "[i]f Plaintiff does not file an Amended Complaint within the prescribed time that cures all the

1

deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint."  Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a claim as set forth in the MOSC.  The Court found that Plaintiff's allegations of delay in treatment do not allege deliberate indifference resulting in substantial harm.  Plaintiff's allegations indicate that she has been furnished medical care during the relevant time frame. They also indicate that her claims amount to a difference of opinion with the treatments she has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of her symptoms by medical professionals.  Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

**IT IS THEREFORE ORDERED THAT** this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated in Topeka, Kansas, on this 13th day of March, 2018.

                **s/ Sam A. Crow**
                **Sam A. Crow**
                **U.S. Senior District Judge**